UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFF WALBY DDS PC,

    Plaintiff,                      CIVIL ACTION NO. 18-cv-13168

    v.                             DISTRICT JUDGE TERRENCE G. BERG

UNITED STATES OF AMERICA,    MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Complaint be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with the Court's November 13, 2018 Order Requiring Plaintiff to Secure Counsel.

**II.    REPORT**

Plaintiff Jeff Walby DDS PC initiated this action against Defendant United States of America on October 11, 2018, alleging violations of section 7422 of the Internal Revenue Code, 26 U.S.C. § 7422.  (Docket no. 1.)  Jeff Walby DDS signed, dated, and filed the Complaint in this matter on behalf of Plaintiff.  (*Id*. at 6, 15.)  This matter has been referred to the undersigned for all pretrial proceedings.  (Docket no. 6.)

It is well settled that artificial entities, such as professional corporations, must be represented by a licensed attorney in order to proceed in federal court.  As the Supreme Court stated in *Rowland v. California Men's Colony, Unit II Men's Advisory Council*:

> It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

506 U.S. 194, 201-03 (1993) (citations and footnote omitted). *See also LegalZoom.com, Inc. v. Macey Bankr. Law, P.C.*, No. 2:13-cv-8620-ODW(MRWx), 2014 WL 961832, at *3 (C.D. Cal. Mar. 12, 2014) (professional corporations may only appear in federal courts through licensed counsel); *Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 901 F. Supp. 2d 92, 97 (D.D.C. 2012) (same); *McNaughton v. Cty. of Chautauqua*, No. 15-CV-233-FPG, 2016 WL 126876, at *1-2 (W.D.N.Y. Jan. 11, 2016) (lay person may not represent a professional corporation in federal court).

Plaintiff is a professional corporation and must be represented by a licensed attorney under *Rowland, supra*. Dr. Walby does not state that he is an attorney, so he cannot represent or sign pleadings on behalf of Plaintiff in this matter. Therefore, on November 13, 2018, the Court ordered Plaintiff to retain counsel to represent its interests in this case by December 14, 2018. (Docket no. 8). The Court warned Plaintiff that its failure to secure counsel may result in the dismissal of its claims. (*Id*. at 2 (citing *Moorish Sci. Temple of Am. v. Michigan*, No. 14-cv-12166, 2014 WL 2711945, at *2 (E.D. Mich. June 16, 2014) ("A complaint filed by an unrepresented corporation . . . is a nullity which may be stricken and the claims dismissed.").)

Under Federal Rule of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with a court order. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson, Tenn., No.00-6011,* 2001 WL 278687, at *1 (6th Cir. Mar. 13, 2001) (unpublished). Moreover, Eastern District of Michigan Local Rule 41.2

2

provides that "when . . . the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2.  The court should consider the following factors before dismissing an action under Rule 41(b): "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

Plaintiff did not secure counsel by December 14, 2018 as ordered, despite the Court's warning that failure to do so could result in dismissal.  Plaintiff's failure to secure counsel and properly prosecute this case appears to be willful, as Defendant informs that it contacted Dr. Walby on December 18, 2018 to inquire whether he intended to retain counsel, and he indicated that he did not intend to do so.  (*See* docket no. 10 at 1-2.)  Plaintiff's conduct (or lack thereof) has prejudiced Defendant, albeit minimally, because Defendant was required to appear and file motions and other documents in this case, which Plaintiff has essentially abandoned.  There are no less drastic sanctions available for the simple reason that Plaintiff cannot proceed in federal court without counsel.  Accordingly, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with the Court's November 13, 2018 Order Requiring Plaintiff to Secure Counsel.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 7, 2019    s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Jeff Walby DDS PC and counsel of record on this date.

Dated: March 7, 2019    s/ Leanne Hosking
Case Manager

4